UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

ALINA AISENBERG, on behalf of herself and
others similarly situated,

                     Plaintiff,

             v.

CO COLLECTIVE LLC, ROSEMARIE RYAN,
TY MONTAGUE, NEIL PARKER, TIFFANY
ROLFE, and SCOTT MITCHELL,

                     Defendants.

------------------------------------------------------------ x

Civil Action No. 17-cv-08203-KBF

## SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims (the "Agreement') is entered into by plaintiff Alina Aisenberg ("Plaintiff"), and defendants Co Collective LLC, Rosemarie Ryan, Ty Montague, Neil Parker, Tiffany Rolfe, and Scott Mitchell (collectively, the "Defendants"), subject to approval of the Court.

WHEREAS on or about October 24, 2017, Plaintiff filed a Complaint against Defendants in the United States District Court for the Southern District of New York, Civil Action No. 17-cv-08203-KBF (the "Litigation"), in which Plaintiff asserted claims under the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL");

WHEREAS the purpose of this Agreement is to fully and finally settle all obligations and/or differences between Plaintiff and Defendants;

WHEREAS Defendants deny and continue to deny all allegations made by Plaintiff in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, and

-1-

without admitting that any compensation was not properly paid to Plaintiff, Defendants have agreed

to settle the Litigation on the terms set forth in this Agreement, to avoid the burden, expense and

uncertainty of continuing litigation;

WHEREAS Plaintiff's counsel has analyzed and evaluated the merits of the claims made

against Defendants in this Litigation, the impact of this Agreement on Plaintiff, and engaged in

some discovery. Based on this analysis and Plaintiff's counsel's evaluation of a number of factors

including the substantial risk of continued litigation (including the possibility that the Litigation, if

not settled now, may result in no recovery whatsoever for Plaintiff, or may result in a recovery that

is less favorable for Plaintiff and that such recovery may not occur for several years), Plaintiff's

counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and

adequate and that this Agreement is in the best interest of Plaintiff, and Plaintiff is in agreement;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this

Agreement, as well as the good and valuable consideration provided for herein, the parties hereto

agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.    Severance Payment. In consideration for the release and other promises by Plaintiff

set forth herein, Defendants agree that they will pay to Plaintiff the total gross amount of THIRTY

THOUSAND DOLLARS ($30,000.00), as follows:

a.    Not later than ten (10) business days after the Court's approval of this

Agreement, Defendants:

(i)    shall deliver the amount of $19,590.00 as follows: one check for
$9,795.00 less applicable withholdings and deductions, representing
taxable wage income subject to all applicable tax withholdings and
deductions and subject to IRS Form W-2 reporting, and a second
check for $9,795.00 without any deductions or withholdings, which
shall be reported on tax Form 1099. Both abovementioned checks

shall be made payable to "Alina Aisenberg". The checks will be sent to Justin Cilenti, Esq., Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, as counsel to Plaintiff.

(ii)    shall deliver a check in the amount of $10,410.00, payable to "Cilenti & Cooper, PLLC" (Tax ID No. 27-0938376), representing attorneys' fees and costs, to Justin Cilenti, Esq., together with a Form 1099.

b.    To the extent that Defendants may be or are held liable for the payment of any taxes, interest and/or penalties in connection with the payments set forth in this Paragraph 1, Plaintiff agrees to indemnify and hold Defendants harmless from and against any and all such taxes, interest and/or penalties.

c.    If the payments described in this Paragraph are not made for any reason, Plaintiff may, at her option, re-open or reinstitute all of the claims in the Litigation and the applicable statutes of limitations shall be deemed tolled starting on the filing date of the original Litigation.

2.    Acknowledgment of Adequacy of Consideration.  Plaintiff acknowledges that the payments and benefits set forth in Paragraph 1, and the other consideration provided herein, constitute valid and adequate consideration for the covenants by Plaintiff contained herein.  Plaintiff agrees that she is not entitled to and will not seek any further consideration, including any other payment, wages, bonuses, vacation pay, health or other benefit or payment of any kind, from Releasees (as defined below) other than that to which Plaintiff is entitled pursuant to this Agreement.  Plaintiff acknowledges that she has been paid all accrued salary and wages, less applicable deductions, through the end of her employment with Defendants.

3.    Dismissal of Litigation with Prejudice. The parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice, which

-3-

Stipulation and Order shall expressly provide that the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties, through counsel, shall contemporaneously file the Stipulation and Order of Dismissal and this Agreement for judicial review and approval.

4.    Release. Plaintiff releases and discharges Defendants, their parents, subsidiaries, affiliated entities and former and current officers, directors, employees, agents, shareholders and representatives and the successors and assigns of each ("Releasees") from any and all complaints, claims, liabilities, obligations, promises, agreements, damages, actions, causes of action, suits, rights, demands, losses, debts and expenses (including attorneys' fees and costs), whether known or unknown, that Plaintiff ever had, now have or hereafter can or may have arising or accruing at any time up to and including the date this Agreement is fully executed, which arise under the Fair Labor Standards Act, New York Labor Law, or any other local, state and federal law regulating the payment of wages. It is the intent of Plaintiff and Defendants that by this Agreement, Plaintiff is giving up all rights, claims and causes of action against the Releasees relating to the payment of wages which accrued prior to the effective date hereof, whether or not she is aware of them and whether or not any damage or injury has yet occurred.

5.    Mutual Non-Disparagement. The parties agrees that they will not, except pursuant to compulsory legal process, make any statement or communicate to any third party any information which has the purpose or effect of maligning, impugning or causing harm to the other party, or to any of Defendants' current or former employees. However, nothing herein shall be preclude the parties from making truthful statements concerning or related to the Litigation. The parties acknowledge that this prohibition extends to statements (oral, written or otherwise), made to

anyone, including but not limited to, the news media, investors, potential investors, competitors, vendors, employees (past, present or future), employers (past, present or future), and clients. In response to inquiries regarding Plaintiff from prospective employer's submitted to Defendants, Defendants will respond only with dates of employment and positions held.

6.      No Re-Employment.  Plaintiff agrees that she will not at any time seek or otherwise pursue re-employment in any capacity with Defendant Co Collective LLC.

7.      No Admission.  Nothing contained in this Agreement nor shall the fact that the parties have signed this Agreement be considered an admission of liability by Defendants.  This Agreement will not constitute a precedent with regard to any other party's dealings with Defendants.

8.      Severability.  If any provision contained in this Agreement should be proven unlawful or unenforceable, that provision will be considered as never written, but that will not affect the validity of the remaining terms and conditions of this Agreement.

9.      Entire Agreement.  This Agreement constitutes the entire agreement between the parties with respect to the subject matter set forth herein and shall supersede all prior agreements between the parties relating to such subject matter.  Any amendments to or changes in the obligations created by this Agreement shall not be effective unless reduced to writing and signed by both parties.

10.     Choice of Law.  This Agreement shall be construed in accordance with the laws of the State of New York without regard to conflict of laws principles.  Any actions arising out of or relating to this Agreement shall be brought in a federal court of competent jurisdiction in the State of New York.  Plaintiff hereby irrevocably consents to the jurisdiction of the respective forum

courts and irrevocably waives any and all defenses based on lack of personal jurisdiction, improper venue and/or forum non-conveniens.

11.    Counterparts.  This Agreement may be executed by the parties in any number of counterparts, which are defined as duplicate originals, all of which taken together will be construed as one document.  A signature by facsimile on this Agreement shall be as legally binding as an original signature.

12.    Court Approval.  Plaintiff acknowledges that this Agreement, and Defendants' obligation to make any payments hereunder, is contingent on Court approval of this Agreement and dismissal of the Litigation with prejudice.

13.    Acknowledgment of Facts Regarding Agreement.  Plaintiff warrants that she is fully competent to enter into this Agreement and she acknowledges that she has been afforded the opportunity to review this Agreement with an attorney for a reasonable period of time, that she has consulted with an attorney prior to executing this Agreement, that she has read and understands this Agreement, and that she has signed this Agreement freely and voluntarily.

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

To signify their agreement to the terms of this Agreement, the parties have executed this Agreement on the dates set forth under their signatures which appear below.

Alina Aisenberg

Date: 6/11/2018

By: _____

Co Collective LLC

Date: 6/20/18

-6-

Rosemarie Ryan

Date: 6/25/18

Ty Montague

Date: 4/24/18

Neil Parker

Date: 6/21/18

Tiffany Rolfe

Date: 6/22/18

Scott Mitchell

Date: 6/21/18