UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALINA AISENBERG, on behalf of herself and
others similarly situated,

                Plaintiffs,

-v-

CO COLLECTIVE LLC, ROSEMARIE RYAN,
TY MONTAGUE, NEIL PARKER, TIFFANY
ROLFE, and SCOTT MITCHELL,

                Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 12, 2018

17-cv-8203 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

    Currently pending before the Court is a proposed settlement in the amount of $30,000. (ECF No. 21-1.) For the reasons stated below, the Court hereby APPROVES the proposed settlement.

I.    BACKGROUND

    On October 24, 2017, Alina Aisenberg ("Aisenberg") commenced this collective action against Co Collective LLC ("Co Collective"), Rosemarie Ryan ("Ryan"), Ty Montague ("Montague"), Neil Parker ("Parker"), Tiffany Rolfe ("Rolfe"), and Scott Mitchell ("Mitchell") (collectively, "defendants") pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), § 190 et seq. and § 650 et seq. (See generally Compl., ECF No. 1.) The Complaint alleges, in sum, that defendants: (1) failed to pay plaintiff the statutorily required overtime compensation in violation of both the FLSA and

NYLL (See id. ¶¶ 59-62, 70); and (2) failed to make, keep, and preserve the required records regarding plaintiff's wages, hours, and other conditions and practices of employment under both the FLSA and NYLL (id. ¶¶ 63-64, 71-74). Defendants answered on November 30, 2017. (ECF No. 16.)

On July 10, 2018, the Court received notice that the parties had reached a settlement in the amount of $30,000. (ECF No. 21.) That notice included a fairness submission concerning the proposed settlement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (Id.) Following a preliminary review of the fairness submission, the Court ordered plaintiff's counsel to submit a copy of any retainer agreement it had executed with plaintiff. (ECF No. 22.) Plaintiff's counsel duly submitted a copy of the retainer agreement on July 11, 2018. (ECF No. 23.)

II.   LEGAL PRINCIPLES

   A.   Approval of FLSA Settlements

The FLSA and its case law protects employees from being coerced into settling claims by requiring that a settlement either be supervised by the Secretary of Labor or be made pursuant to a judicially supervised settlement agreement. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). Before the Court enters judgment on a settlement agreement, "the parties must satisfy the Court that their agreement is 'fair and reasonable.'" Santos v. Yellowstone Properties, Inc., Case No. 15-cv-3986, 2016 WL

2757427, at *2 (S.D.N.Y. May 10, 2016) (quoting Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015)).

To evaluate whether a settlement meets this threshold, the Court looks to the totality of the circumstances, including:

> (1) the plaintiffs range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;" (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel," and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Medley v. Am. Cancer Soc., Case No. 10-cv-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (other citations omitted)).

Factors that weigh against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA noncompliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" Id. (citation omitted).

B. Amount of Attorney's Fees

"Under the FLSA and the [NYLL], a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law

3

§ 663(1)). Attorney's fees are intended "to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." Sand v. Greenberg, Case No. 08-cv-7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) (explaining that "[b]ut for the separate provision of legal fees, many violations of the [FLSA] would continue unabated and uncorrected"); see also Braunstein v. Eastern Photgraphic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978) (explaining that the FLSA "should be given a liberal construction" because of its "broad remedial purpose"); Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) ("The fee provisions contained in the FLSA and the [NYLL] were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements.") (citing cases).

Attorney's fees in FLSA settlements are subject to the Court's approval, however. See 29 U.S.C. § 216(b); Velasquez, 137 F. Supp. at 585. Plaintiffs "bear[ ] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (quoting General Elec. Co. v. Compagnie Euralair, S.A., Case No. 96-cv-0884, 1997 WL 397627, at *4 (S.D.N.Y. July 3, 1997)).

In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %. See Guzman v. Joesons Auto Parts, Case No. 11-cv-4543(ETB), 2013

4

WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); see also, Meza v. 317 Amsterdam Corp., No. 14-cv-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."); Silverstein v. AllianceBernstein LP, Case No. 09-cv-5904, 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. Apr. 29, 2013).

In assessing the reasonableness of a proposed attorneys' fee award, the Court considers the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Stancyzk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014) (internal citations, quotations, and alterations omitted). "A reasonable hourly rate is 'the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" Costello v. Flatman, Case No. 11-cv-287, 2013 WL 1296739, at *4 (E.D.N.Y. Mar. 28, 2013) (discussing fees with respect to the Americans with Disabilities Act) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008) (other citation omitted)). The Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. Arbor Hill, 522 F.3d at 190-91.

"Lead attorneys in this district typically charge between $300 and $400 per hour for wage-and-hour cases." Vasquez v. TGD Grp., Inc., Case No. 14-cv-7862, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016); see Agudelo v. E & D LLC, Case No. 12-cv-960, 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (awarding lead counsel $350 per hour); Carrasco v. West Village Ritz Corp., Case No. 11-cv-7843, 2012 WL 2814112, at *7 (S.D.N.Y. July 11, 2012) ("Courts in this [d]istrict have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450."); Wong v. Hunda Glass Corp., Case No. 09-cv4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (stating that the reasonable hourly rate for "employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour") (citations omitted). For paralegals, "courts in this Circuit have generally found $75 to be reasonable." Cuevas v. Ruby Enters. of N.Y., Inc., Case No. 10-cv-5257, 2013 WL 3057715, at *3 (E.D.N.Y. June 17, 2013).

III. DISCUSSION

Having considered all the facts and circumstances relevant to plaintiff's claims, the Court finds the amount of the proposed settlement to be fair and reasonable.

Based on the allegations in the complaint, plaintiff calculated that she was entitled to a total of $22,000 in unpaid wages, with an equal amount in liquidated damages and an additional $5,000 in statutory damages. (ECF No. 21 at 2.) Pursuant to the proposed settlement agreement, plaintiff will recover

more than her alleged unpaid wages, in addition to full statutory damages and a small portion of liquidated damages.  Although plaintiff may have been entitled to further recovery pursuant to the FLSA and NYLL's liquidated damages provisions, the Court has no reason to believe that the proposed settlement here was not the result of arms-length bargaining between the parties.  All parties are represented by attorneys experienced in wage-and-hour litigation, and the proposed settlement allows all parties to avoid certain litigation risks, as well as the need for additional litigation expense.  Because the Court concludes that the amount of the proposed settlement is substantial, and in light of the inherent risks in proceeding to trial, the Court concludes that the amount of the proposed settlement is fair and reasonable.

Although the proposed award of attorney's fees strikes the Court as somewhat high, the Court does not conclude that the proposed settlement amount is "unfair" or "unreasonable" as a result.  Here, the proposed settlement provides that $9,800—approximately 33% of the total recovery—will be allocated to Cilenti & Cooper, PLLC as attorney's fees.  (See ECF No. 21 at 3.) In addition, Cilenti & Cooper, PLLC will recover $600 in costs associated with filing this action, for a total recovery of $10,400.  (Id.)

As previously noted, courts in this Circuit typically approve attorney's fees that range between 30 and 33 1/3 %.  See, e.g., Guzman, 2013 WL 2898154, at *4 (collecting cases).  The proposed attorney's fees here fall just within that range, and plaintiff's counsel has represented that the lodestar amount actually

exceeds the proposed recovery.  Additionally, the retainer agreement executed by plaintiff clearly states that Cilenti & Cooper PLLC is entitled to "one third (1/3) of the full settlement amount in addition to out of pocket expenses or costs."  (See ECF No. 23-1 at 1.)  The Court is not obligated to accept this arrangement as per se "fair and reasonable" simply because plaintiff agreed to it, but it does indicate that up to one-third of the recovery (excluding costs) is a "rate a paying client would be willing to pay" for Cilenti & Cooper PLLC's services.  See Costello, 2013 WL 1296739, at *4.

Because the proposed attorney's fees and costs of approximately thirty-three percent are consistent with the amount referenced in the retainer agreement, and because courts in this Circuit have routinely approved attorney's fees of thirty-three percent, the Court concludes that the proposed attorney's fees and costs in this case are fair and reasonable.

IV.     CONCLUSION

For the reasons set forth above, the Court APPROVES the proposed settlement at ECF No. 21-1.  Counsel for plaintiff is to receive $10,400 of the settlement amount as attorney's fees and costs.  Plaintiff shall receive the remainder.

The Clerk of Court is directed to enter judgment in accordance with this decision and terminate this action.

SO ORDERED.

Dated:   New York, New York
         July 12, 2018

_____
KATHERINE B. FORREST
United States District Judge